## Morgan Engineering Co., Appellants, *v.* McKee.

*Principal and agent—Construction of written contract.*

An owner of certain patents granted to defendant by an agreement in writing an option to purchase the patents within sixty days.   The owner of the patents further agreed to give his services to defendant in the way of developing the motor covered by the patents for a period of five years, binding himself to give to defendant the benefit of all discoveries and inventions relating to electric railway equipment during said employment. Subsequently by another agreement in writing the option was extended for thirty days, and defendant agreed to furnish the necessary funds to construct four sample motors, and one dynamo.   The original time at which payment was to be made for the patents was not extended.   The owner of the patents gave an order to plaintiff for the construction of the four motors, and plaintiff charged them to his account.   Subsequently plaintiff brought suit against defendant for the price of the motor.   *Held*, that the agreements created no relation of principal· and agent between defendant and the owner of the patents, and that plaintiff was not entitled to recover·

Argued Nov. 7, 1892.   Appeal, No. 248, Oct. T., 1892, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., June T., 1891, No. 863, on verdict for defendant, H. Sellers McKee. Before PAXSON, C. J., WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit for goods sold and delivered.

At the trial, before SLAGLE, J., plaintiffs claimed to recover

the price of four motors and one dynamo constructed under an order given by John C. Henry, alleged to be the agent of defendant. Henry was the owner of certain patents for electric railway equipment. On May 31, 1890, he entered into the following agreement in writing with defendant:

"PITTSBURGH, Pa., May 31, 1890.

" For and in consideration of five hundred dollars in hand paid, I agree to sell to H. Sellers McKee all of my patents granted and pending in the U. S. for the sum of one hundred and twenty-five thousand dollars, payment to be made within twelve months from the expiration of this option, which option expires sixty days from this date. And I further agree to give him my services in the way of developing the motor during the next five years at a fair compensation, to be fixed by arbitration in case of disagreement, I binding myself to give to said McKee or his assigns the benefit of all discoveries and inventions relating to Electric Railways' equipment during said employment. Written notice of the acceptance of this option is required within sixty days from date.                    J. C. HENRY.

" Witness : MURRAY A. VERNER."

Subsequently another agreement in writing, without date, was made as follows :

" This agreement, made and entered into this day by and between H. Sellers McKee, party of the first part, and John C. Henry, party of the second part, provides for an extension of thirty days on a certain option of sale bearing date May 30th, on the patents of the party of the second part, the party of the first part agrees to furnish the necessary funds to construct four sample motors and one dynamo.

" This option given him on the sale of my patents is extended thirty days, or until such time as the motors are completed and tested, providing sufficient means are promptly furnished and facilities are provided for such tests.

" The original time at which payment was to be made is not extended.                           JOHN C. HENRY."

The motors and dynamo were ordered from plaintiff by Henry, and charged to his account.

Binding instruction for defendant was given.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was above instruction, quoting it.

*A. M. Brown, A. A. Thayer* with him, for appellant, cited: Thomson v. Davenport, 9 B. & C. 78; Curtis v. Williamson, L. R. 10 Q. B. 57; Beymer v. Bonsall, 79 Pa. 298; Coleman v. Bank, 53 N. Y. 388; Youghiogheny Iron Co. v. Smith, 66 Pa. 340; 1 A. & E. Enc. L. 416; Ewell's Eavens's Agency, 449, 2451; Weld's Pollock, Contracts, *12, 13.

*P. C. Knox, James H. Reed* with him, for appellee, cited: Patterson v. Gandasequi, 15 East, 62; Chitty, Contracts, p. 301.

PER CURIAM, January 3, 1893:

This was an attempt on the part of the plaintiff company to recover from the defendant a large sum of money upon a contract to which the company was not a party, and which was not made for its benefit. The learned judge below in answer to defendant's point properly instructed the jury to find a verdict in his favor.

Judgment affirmed.